UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,                                    Case No. 25-11159

                              Plaintiff,          Mark A. Goldsmith
v.                                                United States District Judge

RASCO, *et al.*,                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge
                              Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER (ECF No. 25) AND REGARDING JOHN DOE DEFENDANTS

Pending before the Court is Defendants' *Motion to Amend Scheduling Order to Allow for Discovery* (ECF No. 25).  On September 26, 2025, the Court issued a Report and Recommendation recommending dismissal of Plaintiff Cary Cosgrove's complaint for failure to update his address and respond to the Court's Order.  (ECF Nos. 15, 17).  On December 15, 2025, Plaintiff uploaded a Notice of Change of Address/Contact Information that provided an updated address.  (ECF No. 18).  As a result, the Court rescinded its report and recommendation.  (ECF No. 23).  Defendants now move to extend the discovery and dispositive motion deadline because the Parties have been unable to conduct discovery due to the prior issues related to undeliverable mail that spanned several months.  (ECF No. 25).  Accordingly, for good cause shown, it is **ORDERED** that Defendants' *Motion to*

*Amend Scheduling Order to Allow for Discovery* (ECF No. 25) is **GRANTED**, and the scheduling order is amended as follows:

| SUMMARY OF MAJOR DEADLINES | |
|---|---|
| EVENT | DEADLINE |
| Witness List | March 2, 2025 |
| Discovery Deadline | May 2, 2026 |
| Dispositive Motion Deadline | June 2, 2026 |

Next, Plaintiff Cosgrove named a mental health supervisor and Saginaw County Jail correctional officers and staff from 1st and 2nd shifts as John Doe defendants in this case. Under Fed. R. Civ. P. 4(m), if the complaint is not served on the defendant(s) within ninety (90) days of filing the complaint, the Court must dismiss the unserved defendant(s) without prejudice, after permitting plaintiff to respond. Plaintiff filed his complaint on April 22, 2025, providing Plaintiff until July 21, 2025, to provide service of process information for the Doe defendants. To date, Plaintiff has not provided service of process information for the Doe defendants.

Accordingly, Plaintiff is **ORDERED** to providing a full name and address for the John Doe defendants, in writing, **on or before March 13, 2026**, or show cause why the John Doe defendants should not be dismissed without prejudice for

failure to timely provide service of process information for the Doe defendants. **Failure to timely or adequately respond to this Order will result in a report and recommendation that the Doe defendants be dismissed without prejudice.**

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.


Date: January 27, 2026                          s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2026, by electronic means and/or ordinary mail.


<u>s/Sara Krause</u>
Case Manager
(810) 341-7850