UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,

                            Plaintiff,

v.

RASCO, *et al.*,

                        Defendants.
_____/

Case No. 25-11159

Mark A. Goldsmith
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER ON PLAINTIFF'S MOTION FOR ORDER (ECF No. 7)

Pending before the Court is Plaintiff's *Motion for Order* (ECF No. 7).  This matter was referred to the undersigned for all pretrial matters.  (ECF No. 10).  In the motion, Plaintiff claims that because of jail staff's actions, he experiences delays and uncertainty with mail and asserts that the jail is not providing an adequate supply of paper to draft his legal documents.  (*Id.* at PageID.29).  Plaintiff requests Defendants be required to sign a mail log for every piece of incoming or outgoing mail they receive on his behalf.  (*Id.* at PageID.28–30).  It is apparent that Plaintiff's motion is premised on the same bases as his Complaint.  Plaintiff's Complaint alleges that jail staff denies required pencils, paper, and envelopes; his mail has been opened outside of his presence; that he experiences delays with his mail; he is not being provided with requested standardized legal forms; and he is being denied copies of his medical records.  (ECF No. 1, PageID.5–6).  To start,

Plaintiff cites no authority in support of his motion, and it is unclear under what mechanism he brings this motion.  Even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)); *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (holding that courts cannot "construct the [p]laintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'").  As the bases for bringing the motion are the same as the bases alleged in his Complaint, the issues raised in this motion will be litigated in due course.  Further, as Plaintiff's motion cites no authority for this request, and given the uncertainty of how Plaintiff intends obtain the relief or the proper mechanism to do so, other than that already requested in the complaint, the motion is denied.

Accordingly, it is **ORDERED** that Plaintiff's *Motion for Order* (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: March 3, 2026                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2026, by electronic means and/or ordinary mail.


                                                 s/Sara Krause
                                                 Case Manager
                                                 (810) 341-7850

3